In the Matter of EDWARD C. BEIRNE, as Guardian, etc.

*( Surrogate's Court, Orange County, Filed January, 1894.)*

GUARDIAN AND WARD—GIFT.

> Where the intention of the guardian to make certain gifts to his ward has been fully consummated by a complete delivery, he cannot upon his accounting be credited for them as for moneys expended for the benefit of the ward.

Proceedings for an accounting by a guardian.

C. E. Cuddeback, for minor; John J. Beattie, for guardian.

BOLEMAN, S.—Edward C. Beirne was appointed general guardian of the minor September 8, 1891. Mr. Beirne is a brother of the minor's mother. In the month of November, 1876, he purchased five shares of the stock of the Orange County Building & Loan Association, in his name as guardian of the said Mulligan, and, at various times thereafter, and prior to November, 1888, he made divers other payments required by the rules of the association (when the same were not made by the parents of the minor) upon said stock, which, with the amount paid at the time of purchasing the stock, amounted, in all, to the sum of $279.27. When the stock matured, he caused himself to be legally appointed the minor's guardian, and received, as such guardian, $1,000 from the association, the then value of said shares of stock. This sum the guardian invested upon bond and mortgage, which he still holds. Upon this accounting Beirne seeks to credit himself with the $279.27, paid by him upon the building and loan association stock, to which objection is made on behalf of Mulligan; it being claimed that such payments were intended to be gifts to him. It was evident, upon the hearing, that the feelings of the parties towards each other have changed from what they formerly were; and it is now necessary to determine the purpose, and the legal effect, of the acts of the said Beirne in connection with said stock. The pay-

ments were voluntarily made, with the knowledge that the minor had no other property. When made, they became, not deposits, but an interest in the stock of the association, which, by his own act, were made to belong, upon the books of the association, to him, as guardian of his nephew. He thus parted with the dominion over the property represented by the stock, except in the capacity of guardian. No entry, in the nature of an account, was made of the payments, and they were not made for the purpose of protecting property belonging to the minor, unless this stock is to be considered the property of the minor, and, being so considered, it could not, at the same time, be the property of Mr. Beirne; nor were they made for necessities, required for the maintenance of the minor. If Mr. Beirne had died during the minority of his nephew, leaving the stock, and the payments made by him, in the association as they stood, before maturity, I think no one could have successfully questioned the ownership of the minor. These facts, supported by the further fact that Mr. Beirne himself drew the fund from the association, and invested the whole of it in a mortgage for the minor, clearly indicate to my mind an intention on his part, at the time of making the payments, to make a gift to his nephew, a purpose which he cannot now change, such intention having been fully consummated by a complete delivery, whereby he divested himself of all title thereto, and, being gifts, he cannot now be credited for them upon this accounting, as for moneys expended for the benefit of the minor.

Decree to be entered in accordance with foregoing opinion.